# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50402
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTINA LAYNE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-450-2

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Christina Layne was convicted by a jury of one count of aiding and abetting the importation of 50 kilograms or more, but less than 100 kilograms, of marijuana into the United States, and one count of aiding and abetting the possession with intent to distribute 50 kilograms or more, but less than 100 kilograms of marijuana with intent to distribute. Layne was sentenced to concurrent terms of 37 months of imprisonment. Because she did not observe

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

any evidence suggesting contraband was hidden in the vehicle she was driving, Layne contends that she could not have knowingly possessed the contraband with intent to distribute it nor knowingly imported it into the United States.

Layne moved for a judgment of acquittal at the close of the Government's case and again after the close of all evidence. Accordingly, she preserved the issue for appellate review, and we review her challenge to the sufficiency of the evidence de novo. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir. 2009). We will uphold the jury's verdict "if a rational trier of fact could conclude [that] the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008) (internal quotation marks and citation omitted).

"To sustain a conviction for possession of marijuana with intent to distribute, the government must prove beyond a reasonable doubt (1) knowing (2) possession of marijuana (3) with intent to distribute it." *United States v. Ricardo,* 472 F.3d 277, 282-83 (5th Cir. 2006) (internal quotation marks and citation omitted). "To sustain an additional importation count the government must show that the defendant played a role in bringing the marijuana into the United States from a foreign country." *United States v. Anchondo-Sandoval*, 910 F.2d 1234, 1236 (5th Cir. 1990). The knowledge requirement as to both counts is the only element at issue.

The record reflects that there was sufficient evidence for a reasonable factfinder to infer Layne's knowledge of the marijuana and intent to import the contraband into the United States. First and foremost, the mere fact of driving a vehicle to Mexico and returning the same day in another vehicle for $1,000 to $5,000 is telling. Additionally, Layne admitted that she was warned not to

go on the trip because of drugs being involved. Furthermore, there was testimony that Layne and Crystal Roybal on two occasions discussed the possibility of narcotics being hidden in the vehicle they were being paid to drive back from Mexico. There was also testimony that Layne saw an individual named Carlos tightening the bolts to the vehicle's tires prior to leaving the house in Mexico and that Layne "felt nervous" as they approached the border into the United States. This testimony along with the testimony regarding Layne's repeated lies surrounding the purpose of the trip support an inference of guilty knowledge. *See United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998), *abrogated on other grounds by United States v. Vargas-Ocampo*, 711 F.3d 508, 511 (5th Cir. 2013). To the extent that there was conflicting evidence, and to the extent that Layne challenges the credibility of certain witnesses, the resolution of such issues in favor of a finding of guilt was well within the jury's province. *See United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

AFFIRMED.